1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   JOELLEN ROBERTS, WAYNE          CIV. NO. 2:14-000421 WBS DAD
     ROBERTS, JOSEPH ROBERTS and
13   JAMES ROBERTS,                  MEMORANDUM AND ORDER RE: MOTION
                                     TO DISMISS
14              Plaintiffs,

15        v.

16   ORANGE GLO, ORANGE GLO
     INTERNATIONAL INC., APPEL
17   CO., CHURCH & DWIGHT, CHURCH
     & DWIGHT CO., INC., and DOES
18   1 through 50, inclusive,

19              Defendants.

20

21                          ----oo0oo----

22   I.   Factual and Procedural History

23            Plaintiffs Joellen, Wayne, Joseph, and James Roberts

24   reside in their home outside the Marysville area in the Eastern

25   District of California.  (First Am. Compl. ("FAC") ¶ 9 (Docket

26   No. 8); Pls.' Opp'n at 2 (Docket No. 19).)  Joellen purchased

27   Orange Glo, a product manufactured by defendant Church & Dwight

28
                                    1

1  Co., Inc., (FAC ¶ 11), for the purpose of polishing and

2  conditioning a family piano and organ, (id. ¶ 9).  Plaintiffs

3  allege the Orange Glo bottle specifically stated that it could be

4  used on floors.  (Id.)  Accordingly, Joellen applied the product

5  to the hardwood floor in the entryway of her home with a mop.

6  (Id.)  The next morning, she slipped and fell while walking

7  through the entryway.  (Id. ¶ 10.)  Her husband Wayne and two

8  sons Joseph and James were home at the time and allegedly heard

9  her crash to the ground.  (Id. ¶ 37.)

10        Plaintiffs' FAC alleges state law claims against

11  defendant Church & Dwight Co., Inc., for strict products

12  liability, failure to warn, breach of implied warranty,

13  negligence, and negligent misrepresentation.[1]  Plaintiffs also

14  bring claims for loss of consortium on behalf of Wayne and for

15  negligent infliction of emotional distress for harm suffered by

16  Wayne, Joseph, and James as result of contemporaneously

17  perceiving the incident.  Defendant now moves to dismiss for

18  improper venue pursuant to Federal Rule of Civil Procedure

19  12(b)(3).  In the alternative, defendant moves to dismiss the

20  second claim for failure to warn, third claim for breach of

21  implied warranty, fifth claim for negligent misrepresentation,

22  and seventh claim for negligent infliction of emotional distress

23  pursuant to Rule 12(b)(6) for failure to state a claim upon which

24  relief can be granted.  (Def.'s Mot. (Docket No. 13).)  The court

25  _____

26        [1]   Plaintiffs originally brought this action against
   multiple defendants.  However, plaintiffs voluntarily dismissed
27  defendants Orange Glo, Orange Glo International, Inc., Appel Co.,
   and Church & Dwight.  (Docket No. 9.)  The only remaining
28  defendant is Church & Dwight Co., Inc.

                            2

1    will not address plaintiffs' breach of warranty claim, which

2    plaintiffs agree to abandon, (see Pl.'s Opp'n at 2).

3    II.   Venue

4          Rule 12(b)(3) authorizes a court to dismiss an action

5    for improper venue.  Fed. R. Civ. P. 12(b)(3); see also 28 U.S.C.

6    § 1406(a) ("The district court of a district in which is filed a

7    case laying venue in the wrong division or district shall

8    dismiss, or if it be in the interest of justice, transfer such

9    case to any district or division in which it could have been

10   brought.").  Plaintiffs have the burden of proving that venue is

11   proper in the district in which the suit was initiated.  Munns v.

12   Clinton, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (England,

13   J.) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598

14   F.2d 491, 496 (9th Cir. 1979)).

15         Venue is proper in "a judicial district in which a

16   substantial part of the events or omissions giving rise to the

17   claim occurred."  28 U.S.C. § 1391(b)(2).  This provision "does

18   not require that a majority of the events have occurred in the

19   district where suit is filed, nor does it require that the events

20   in that district predominate."  Rodriguez v. Cal. Highway Patrol,

21   89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).

22         While plaintiffs did not assert a statutory basis for

23   venue in the FAC, plaintiffs do allege that a substantial part of

24   the events giving rise to their tort claims occurred in the

25   Eastern District of California.  According to the FAC, both the

26   retail establishment where Joellen Roberts purchased Orange Glo

27   and the Roberts family home where the alleged slip-and-fall and

28   subsequent injuries occurred are located within this district.

3

1   (FAC ¶¶ 9, 11.)  Because venue is proper under § 1391(b)(2), the

2   court will deny defendant's motion to dismiss for improper venue.

3   II.  Failure to State a Claim

4         On a Rule 12(b)(6) motion to dismiss, the court must

5   accept the allegations in the complaint as true and draw all

6   reasonable inferences in favor of the plaintiff.  See Scheuer v.

7   Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

8   Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.

9   319, 322 (1972).  To survive a motion to dismiss, a plaintiff

10  must plead "only enough facts to state a claim to relief that is

11  plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

12  544, 570 (2007).  This "plausibility standard," however, "asks

13  for more than a sheer possibility that a defendant has acted

14  unlawfully," and where a plaintiff pleads facts that are "merely

15  consistent with a defendant's liability," it "stops short of the

16  line between possibility and plausibility."  Ashcroft v. Iqbal,

17  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

18              A. Negligent Misrepresentation

19        Rule 9(b) requires that "[i]n alleging fraud or

20  mistake, a party must state with particularity the circumstances

21  constituting fraud or mistake."  The issue of whether Rule 9(b)'s

22  heightened pleading standard applies to a claim for negligent

23  misrepresentation under California tort law has divided the

24  federal circuits as well as district courts in California.

25  Cutler v. Rancher Energy Corp., Civ. No. 8:13-906 DOC JPR, 2014

26  WL 1153054, at *3 (C.D. Cal. Mar. 11, 2014) (citing cases).

27  While it has not decided the issue, the Ninth Circuit has held

28  that "only allegations . . . of fraudulent conduct must satisfy

4

1   the heightened pleading requirements of Rule 9(b)." <u>Vess v.</u>

2   <u>Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003).[2]

3   "Because the California tort of 'negligent misrepresentation' has

4   a critically different element from the tort of 'fraud,'

5   analyzing negligent misrepresentation under Rule 9(b) is contrary

6   to both the express language and policy of the statute."

7   <u>Petersen v. Allstate Indem. Co.</u>, 281 F.R.D. 413, 417 (C.D. Cal.

8   2012).  Accordingly, the court will not apply a heightened

9   pleading standard to plaintiffs' claim for negligent

10  misrepresentation and will instead inquire whether plaintiffs

11  state a plausible claim for relief under <u>Iqbal</u>.

12       To state a claim for negligent misrepresentation, a

13  plaintiff must allege: (1) a misrepresentation of a past or

14  existing material fact; (2) without reasonable ground for

15  believing it to be true; (3) intent to induce reliance; (4)

16  justifiable reliance; and (5) resulting damage.  <u>Glenn K. Jackson</u>

17  <u>Inc. v. Roe</u>, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001); <u>Apollo</u>

18  <u>Capital Fund, LLC v. Roth Capital Partners, LLC</u>, 158 Cal. App.

19  4th 226, 243 (2d Dist. 2007).

20       Plaintiffs' allegations, taken as true, support all

21  five elements.  Plaintiffs allege defendant misrepresented on the

22  product's bottle that Orange Glo was appropriate for use on

23

24       [2]    The cases cited by defendant in support of applying
    9(b) to negligent misrepresentation claims pre-date <u>Vess</u>.  <u>See</u>
25  <u>Glen Holly Entm't, Inc. v. Tektronix, Inc.</u>, 100 F. Supp. 2d 1086
    (C.D. Cal. 1999); <u>U.S. Concord, Inc., v. Harris Graphics Corp.</u>,
26  757 F. Supp. 1053 (N.D. Cal. 1991).  Several more recent cases
    cite both <u>Glen Holly</u> and <u>U.S. Concord</u>, <u>see, e.g.</u>, <u>Neilson v.</u>
27  <u>Union Bank of Cal.</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003),
    but without considering <u>Vess</u>.
28

1   hardwood floors, (FAC ¶ 9), because in fact the product allegedly

2   caused an unsafe and slippery condition when applied as

3   instructed, (id. ¶ 30).  If Orange Glo causes hardwood floors to

4   be slippery as indicated by plaintiffs, then it can be inferred

5   defendant lacked a reasonable ground for believing Orange Glo was

6   safe for use on that surface.  By placing such a

7   misrepresentation on the product's label, it is plausible that

8   defendant intended to induce the consumer's reliance on the

9   information and that Joellen's reliance was justified.  Lastly,

10  in satisfaction of the fifth element, plaintiffs allege Joellen

11  slipped and fell as a result of her reliance on this

12  representation. (Id. ¶¶ 14-16).  Having sufficiently alleged all

13  five elements, plaintiffs assert a plausible claim for negligent

14  misrepresentation.

15           B. Failure to Warn

16           Defendant argues plaintiffs' second claim for "failure

17  to warn" should be dismissed because it is not distinguishable

18  from plaintiffs' strict products liability and negligence claims.

19  (Def's Mot. at 5.)  Consequently, it argues, the claim is

20  "duplicative."  (Id.)  Plaintiffs clarify that their second claim

21  for "failure to warn" articulates a theory of strict liability

22  and "specifically pleads that defendant failed to warn that the

23  product, when properly used, could create a slippery condition

24  and cause serious injury."  (Pls.' Opp'n at 3.)

25           Although "failure to warn" is a murky subject in

26  California law, it appears defendant is correct that there is no

27  "failure to warn" claim apart from one in negligence or strict

28  products liability.  See Oxford v. Foster Wheeler LLC, 177 Cal.

6

1   App. 4th 700, 717 (1st Dist. 2009) (noting "the two types of

2   failure to warn claims" in negligence and strict products

3   liability are not mutually exclusive).  However, the court is

4   aware of no authority for the proposition that where a plaintiff

5   pleads as separate "claims" what are in fact two legal theories

6   supporting a single claim, one of those theories is subject to

7   dismissal.  Because defendant does not attack the sufficiency of

8   plaintiffs' supporting allegations, the court will deny

9   defendant's motion with respect plaintiffs' claim for "failure to

10  warn" in strict products liability.

11          C. Negligent Infliction of Emotional Distress

12          Similarly, defendant argues plaintiffs' seventh claim

13  fails as a matter of law because it is not distinguishable from

14  plaintiffs' fourth claim for negligence.  (Def.'s Mot. at 8); see

15  Dillon v. Legg, 68 Cal.2d 728 (1968).

16          Dillon provides a basis for holding a defendant liable

17  for the injuries sustained by a bystander to an accident caused

18  by that defendant's negligence.  See Dillon, 68 Cal. 2d at 740-

19  41.  Dillon "addressed the question of duty in circumstances in

20  which a plaintiff seeks to recover damages as a percipient

21  witness to the theory of another."  Christensen v. Superior

22  Court, 54 Cal. 3d 868, 884 (1991).  Plaintiff asserts a claim for

23  negligence based on Dillon, alleging Wayne, Joseph, and James

24  were percipient witnesses to Joellen's accident.  (Compl. ¶ 37.)

25          Recovering for emotional distress as a bystander

26  requires proving elements that are different from a negligence

27  claim.  In addition to proving a defendant was negligent, a

28  plaintiff must show she was closely related to the victim;

1    present at the time of injury; aware of the injury; and as a

2    result suffered emotional distress.  <u>See</u> Cal. Jury Instr. Civ.

3    12.83 ("Bystander Recovery of Emotional Distress").

4    Additionally, "negligent infliction of emotional distress," or

5    "NIED," is often alluded to as a stand-alone claim in negligence.

6    <u>See, e.g.</u>, <u>Thomas-Lazear v. F.B.I.</u>, 851 F.2d 1202, 1206 (9th Cir.

7    1988) ("Thomas-Lazear attempts to fashion the slander and libel

8    claims into a claim for negligent infliction of emotional

9    distress . . . ."); <u>Moon v. Guardian Postacute Servs., Inc.</u>, 95

10   Cal. App. 4th 1005, 1011 (1st Dist. 2002) (noting it is uncertain

11   which persons may be considered 'closely related' "for the

12   purposes of an NIED claim").  NIED is thus properly pled as a

13   claim in tort.  Accordingly, the court does not find plaintiffs'

14   claim unsustainable as a matter of law.  Because defendant does

15   not argue that plaintiffs' allegations are insufficient to

16   sustain a claim for negligence on a <u>Dillon</u>-based theory, the

17   court will deny defendant's motion to dismiss that claim.

18        IT IS THEREFORE ORDERED that defendant's motion to

19   dismiss be, and the same hereby is, DENIED with respect to claims

20   two ("failure to warn"), five ("negligent misrepresentation"),

21   and seven ("negligent infliction of emotional distress"), and

22   GRANTED with respect to claim three ("implied warranty").

23   Dated:  November 4, 2014

24

25   WILLIAM B. SHUBB

26   UNITED STATES DISTRICT JUDGE

27

28

8